TRUSTEES OF THE TAXICAB INDUSTRY PENSION FUND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trustees of Taxicab Industry Pension Fund v. Commissioner
Docket No. 1772-80R.
United States Tax Court
T.C. Memo 1981-651; 1981 Tax Ct. Memo LEXIS 95; 42 T.C.M. (CCH) 1636; T.C.M. (RIA) 81651; 2 Employee Benefits Cas. (BNA) 2101; November 5, 1981. Jules B. Levine, for the petitioners. Adeline P. Malone, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined that petitioners' pension plan and trust does not satisfy the requirements of sections 401(a) [1] and 411(a). Petitioners, challenging respondent's adverse determination, *97 have invoked the jurisdiction of this Court for a declaratory judgment pursuant to section 7476. [2]
The issue for our determination is whether, as required by section 411(a), the plan funded by the trust provides for the nonforfeitability of an employee's right to his normal retirement benefit upon reaching normal retirement age. This case was submitted for decision on a stipulated administrative record under Rules 122 and 217, Tax Court Rules of Practice and Procedure. The stipulated record, which is assumed to be true for the purpose of this proceeding, is incorporated herein by reference. Petitioners are the trustees of the Taxicab Industry Pension *98 Fund ("Plan") which was established, pursuant to a collective bargaining agreement between the New York City Taxi Drivers Union, Local 3036, AFL-CIO and member companies of the Metropolitan Taxicab Board of Trade, on June 1, 1966. When their petition herein was filed, petitioners' address was New York, New York. On or about July 1, 1976, petitioners amended and restated the terms of the Plan in order to comply with the requiements of the Employee Retirement Security Act of 1974 (ERISA). The restatement was effective as of July 1, 1976. Section 1.08 of the Plan defines "normal retirement age" as "age 65 or, if later, the age of the Participant on the tenth anniversary of his participation." Section 2.02 provides for participation in the Plan on the earliest January 1 or July 1 following completion of a 12 consecutive month period during which an employee worked at least 100 days in covered employment. Section 3.01 provides for eligibility for a normal pension if a participant satisfies certain requirements: attainment of age 65, possessing at least 25 service credits, working at least 100 days in each of at least 6 calendar years of the 10 calendar years following the year he *99 became age 55, and actual retirement. Section 3.02 provides that the normal pension amount is $ 100 per month. Section 7.01 states that a participant shall be entitled to a vested pension if he has at least 10 vesting service credits. Section 9.01 provides that a participant shall have 1 vesting service credit in each calendar year in which he works at least 100 days in covered employment. Section 12.09 states, in pertinent part, that the benefits to which a participant is entitled under the Plan are nonforfeitable upon his attainment of normal retirement age. Under the terms of the Plan, a participant with fewer than 10 vesting service credits is entitled to zero benefits upon his attainment of normal retirement age. On or about November 13, 1979 respondent issued to petitioners a final adverse determination for the following reason: Section 411(a) of the Internal Revenue Code provides that a trust shall not constitute a qualified trust under section 401(a) unless the plan of which such trust is a part provides that an employee's rights to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age. Section 12.09 *100 of the plan states in part that "the benefits to which a Participant is entitled under this Plan upon his attainment of Normal Retirement Age are non-forfeitable." However, no benefits are povided under the plan for any participant with less than ten (10) Vesting Service Credits. This requirement violates section 411(a) of the Code. Petitioners argue that the Plan's provisions are consistent with sections 401(a) and 411(a) since a participant who has fulfilled the age and service requirements of the Plan receives a nonforfeitable right to a normal retirement benefit upon his attainment of normal retirement age. Petitioners contend that nether section 411(a) nor its legislative history require that an employee who has reached normal retirement age after any number of years of service be provided a normal retirement benefit. In addition, petitioners assert that respondent's interpretation of section 411(a) would create an irreconcilable conflict with ERISA vesting schedules and would effect numerous practical difficulties. Finally, petitioners maintain that our holding in Caterpillar Tractor Co. v. Commissioner, 72 T.C. 1088 (1979), would not apply to the Plan *101 as the Plan has no mandatory retirement age. Respondent, by contrast, relies on our holding in Caterpillar Tractor as determinative of this case and argues that the Plan fails to satisfy the requirements of section 411(a) which, he contends, demand that a plan participant have the right to a nonforfeitable normal retirement benefit at normal retirement age without regard to the vesting standards of the particular pension plan. Section 401(a) specifies the requirements for a qualified trust. Section 401(a)(7) states that a plan must satisfy the requirements of section 411 (relating to minimum vesting standards). Section 411(a) requires that a plan of a qualified trust must provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age. Section 411(a)(8) defines normal retirement age as the earlier of (1) the plan's definition of normal retirement age or (2) the later of age 65 or the tenth anniversary of an employee's participation in the plan. In Caterpillar Tractor, we interpreted section 411(a) as requiring a participant's accrued benefit to be nonforfeitable upon reaching normal retirement age. *102 Recently, in Board of Trustees of New York Hotel Trades Council & Hotel Assn. of New York City, Inc. Pension Fund v. Commissioner, T.C. Memo. 1981-597, relying on Caterpillar Tractor, we held that a plan which effectively denied a participant with fewer than 10 years of vesting service the right to vested benefits at normal retirement age failed to satisfy the requirements of section 411(a). Likewise, here, we find that petitioners plan which denies vesting of accrued benefits to participants with fewer than 10 vesting service credits upon their reaching normal retirement age does not qualify under section 411(a). Petitioners' arguments are unconvincing. First, the statute's legislative history supports our interpretation. [3] Secondly, petitioners' point that respondent's interpretation creates an irreconcilable conflict with the ERISA vesting schedules is incorrect. Section 411(a)(2)(A) is concerned with the vesting of benefits prior to an employee's attaining normal retirement age; [4] by contrast, the first sentence of section 411(a) is directed at the vesting of benefits when an employee reaches normal retirement age and thereby supersedes section 411(a)(2)(A) *103 for those employees who attain normal retirement age. Moreover, under section 411(a), a participant will not receive a greater amount in benefits than the amount to which he is entitled. Section 411(a) merely prescribes the time when a participant has a nonforfeitable right to these benefits. Finally, we reject petitioners' argument that the existence of a mandatory retirement age was pivotal to our holding in Caterpillar Tractor. As we stated in Board of Trustees, the presence of a mandatory retirement age merely underlined the inequities inherent in the taxpayer's interpretation of section 411(a). Accordingly, based on Caterpillar Tractor and Board of Trustees, we hold that petitioners' Plan does not satisfy the requirements of section 411(a) and therefore the *104 Plan and the trust do not constitute a qualified trust under section 401(a). An appropriate decision will be entered. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. The prerequisites for declaratory judgment have been satisfied: petitioners are the administrators of the plan at issue; petitoners have complied with the notice requirements of sec. 7476(b)(2); petitioners have exhausted their administrative remedies; the plan at issue has been put into effect; and petitioners filed their petition before the 91st day after respondent mailed his determination. Sec. 7476(b).↩
3. See Conf. Rept. No. 93-1280 (1974), 1974-3 C.B. 415, 429; Caterpillar Tractor Co. v. Commissioner, 72 T.C. 1088, 1093-1094 (1979); Board of Trustees of New York Hotel Trades Council & Hotel Assn. of New York City Inc. Pension Fund v. Commissioner, T.C. Memo. 1981-597↩. 4. Caterpillar Tractor Co. v. Commissioner, 72 T.C. at 1093↩.